UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD WISEMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:24-cv-00533-SPM |
| RICHARD ADAMS, | ) ) ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's "Motion to Vacate, Set Aside or Correct the Judgment or Sentence." (ECF No. 1). Because Petitioner is in custody pursuant to a state court judgment, the Court will construe Petitioner's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner filed his petition on a state court form. Thus, it is unclear whether he intended to file it with this Court. Under these circumstances, the Court would ordinarily allow Petitioner to either (1) withdraw his petition and file it with the state court, or (2) file an amended petition for relief under 28 U.S.C. § 2254. In this case, however, either option will result in the dismissal of this action because Petitioner has not exhausted his available state remedies. For that reason, the Court will summarily dismiss this case under Rule 4 of the Rules Governing Section 2254 Cases.

### The Petition

Petitioner challenges his September 2023 sentence and judgment in *State v. Wiseman*, No. 20SL-CR09781-01 (21st Jud. Cir. 2021). In that case, Petitioner pled guilty to two counts of second-degree statutory rape, one count of second-degree statutory sodomy, and one count of sexual misconduct involving a child. The state court sentenced Petitioner to a total of 25 years'

imprisonment. Petitioner did not seek direct review of his conviction. Nevertheless, a review of Missouri's online case management system reveals that Petitioner has filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence in the Circuit Court of St. Louis County. *See Wiseman v. State*, No. 24SL-CC00988 (21st Jud. Cir. 2024).[1] That case remains pending and is set for a settlement conference on October 24, 2024.

## Failure to Exhaust Administrative Remedies

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under § 2254, a petitioner in state custody must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996 (8th Cir. 1996); see also *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court."). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015); see also *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established

---

[1] The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2

appellate review process"); *Wayne*, 83 F.3d at 998 ("All that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation."). This requires the petitioner to submit the facts and the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

As noted above, Petitioner is currently challenging his conviction in the Circuit Court of St. Louis County. *See Wiseman v. State*, No. 24SL-CC00988 (21st Jud. Cir. 2024). The state court has not yet ruled on Petitioner's motion. In other words, it has not yet had the "opportunity to pass upon and correct alleged violations of [Petitioner's] federal rights." *See Baldwin*, 541 U.S. at 29. Thus, Petitioner has not exhausted his state remedies and the Court will summarily dismiss this action under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. To issue such a certificate, the Court must first find a substantial showing of a denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has made no such showing. Thus, the Court will not issue a certificate of appealability.

### Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

### Conclusion

The Court will grant Petitioner's motion for leave to proceed in forma pauperis. Nevertheless, the Court will summarily dismiss this action because Petitioner has not exhausted his state remedies. The Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED** for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 23rd day of August, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE